JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cory Mann

**DEFENDANTS**
Benco Technology, LLC d/b/a Benco Technology and BB&K Investment Group, LLC

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brendan Hennessy, Esq., 101 Lindenwood Drive, Ste 225
Malvern, PA 19355

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [x] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights / [ ] 555 Prison Condition / [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 12101, et seq.

Brief description of cause:
Failure to accommodate and discriminatory and retaliatory termination of employment.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 plus

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/23/23
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)

Address of Plaintiff: Cory Mann 238 Hill Rd Honey Brook, PA 19344
Address of Defendant: Barco Technology LLC, 625 Todd Road Honey Brook PA 19344
Place of Accident, Incident or Transaction: Chester County PA

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/23/23    _____ (signature)    91831
                  Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
☒ 11. All other Federal Question Cases
   (Please specify): ADA Employment dis.

B. *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury (Please specify): _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   (Please specify): _____

**ARBITRATION CERTIFICATION**
(The effect of this certification is to remove the case from eligibility for arbitration.)

I, Brendan Hennessy, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 01/23/23    _____ (signature)    91831
                  Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORY FREDRICK MANN, | : CIVIL ACTION NO.: |
| *Plaintiff,* | : |
| vs. | : |
| | : **JURY TRIAL DEMANDED** |
| BENCO TECHNOLOGY, LLC D/B/A BENCO TECHNOLOGY and BB&K INVESTMENT GROUP, LLC | : |
| *Defendants.* | : |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1. This is an action for an award of damages, declaratory and injunctive relief, attorney's fees, and other relief on behalf of Plaintiff, Cory Fredrick Mann ("Plaintiff") who has been harmed by Defendants' unlawful employment practices. Plaintiff is a former employee of Benco Technology, LLC doing business as Benco Technology and which is owned by, registered as and/or operated by BB&K Investment Group, LLC ("Defendants").

2. Plaintiff alleges that prior to and continuing through June 10, 2020, Defendants, through their agents, servants and employees, subjected Plaintiff to discrimination on the basis on his actual and/or perceived disability and/or record of impairment, thereby adversely affecting the terms and conditions of his employment. Plaintiff made his employer aware of his actual disabilities (Hypothyroidism) and Defendant did not attempt to engage in the interactive process. Instead, Defendant

1

terminated Plaintiff based on his actual disability (Hypothyroidism) and/or his perceived disability (depression and anemia).

3. This action is brought under the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 *et seq.*

## II.   JURISDICTION AND VENUE

4. The original jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §1331 and 1391, as Plaintiff's claims are substantively based on the ADA.

5. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district.

6. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367, to consider the Plaintiff's claims arising under the Pennsylvania Human Rights Act.

7. All conditions precedent to the institution of this suit have been fulfilled. Specifically, Plaintiff filed timely Charge (No. 530-2021-02561) with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Act ("PHRA"). The EEOC issued a right to sue on November 29, 2022. This action is filed within ninety (90) days of the Right to Sue.

## III.   PARTIES

8. Plaintiff, Cory Fredrick Mann, is a male individual who resides at 238 Hill Road, Honey Brook, PA 19344.

9. Defendant, Benco Technology, LLC, is a Pennsylvania corporation with its headquarters located at 625 Todd Road, Honey Brook, PA 19344. Defendant Benco

Technology, LLC does business as Defendant Benco Technology and, upon information and belief, is currently registered or known as BB&K Investment Group, LLC. Defendants are integrated as a single entity and/or the same entity and/or serve as joint employers. Defendants employ more than fifteen (15) individuals in the state of Pennsylvania. Defendants own and operate a metal fabrication company which provides laser cutting and metal fabrication services.

10. At all times material and relevant hereto, Defendants acted by and through their agents, employees, and/or servants who acted within the scope of their authority, course of employment, and under the direct control of the Defendants.

11. At all times material and relevant hereto, Defendants individually and/or collectively acted as a "person" and "employer" under the ADA and the PHRA, and are accordingly subject to the provisions of each said Act and/or law.

## STATEMENT OF FACTS

12. Plaintiff commenced employment with Defendant on or around June 14, 2019. Plaintiff worked as a driver until Defendant unlawfully terminated Plaintiff on June 10, 2020.

13. The Plaintiff alleges that prior to and continuing through the present, the Defendants, through their agents, servants and employees, subjected him to discrimination on the basis of his actual and/or perceived disability and/or record of his disability. The Plaintiff additionally alleges that the Defendants failed to sufficiently engage in the interactive process and likewise failed to provide the Complainant with reasonable accommodations for his actual and/or perceived disability. Instead, Plaintiff believes and avers that Defendants terminated Plaintiff based on his actual and/or perceived disability and/or retaliated against Plaintiff for his need for a reasonable accommodation.

14. From the time of his employment in or around June 2019 until his unlawful termination around June 2020, Plaintiff received overwhelmingly satisfactory performance reviews from Defendants.

15. On or around March 24, 2020, Plaintiff was placed on temporary layoff due to the COVID-19 pandemic.

16. On or around early April 2020, Matthew Ford ("Ford"), the Plant Manager, called Plaintiff to inquire about Plaintiff returning to work. Plaintiff sought to return to work if social distancing and Center for Disease and Control ("CDC") guidelines were followed. Plaintiff was concerned for the health of his family who were at risk from Covid. At this time Plaintiff and Ford verbally agreed that Plaintiff would return to work when the zip codes Plaintiff delivered products to transitioned from "red covid phase" to "yellow covid phase" in the Pennsylvania's Covid-19 tracking system.

17. Defendants failed to accommodate Plaintiff's simple request that his employer ensure face masks were worn in accordance with the Center for Disease Control ("CDC") guidelines.

18. A couple weeks later, on or around June 1, 2020, Plaintiff began to experience symptoms of Hypothyroidism. Hypothyroidism is caused by a thyroid gland that does not produce enough of certain crucial body hormones. Hypothyroidism is a qualifying disability under the ADA and PHRA as it interferes with major life activities such as sleeping, eating, walking, bowel activity, reproductive function, and normal hormone production.

19. Promptly after experiencing symptoms of Hypothyroidism, on or around June 6, 2020, Plaintiff contacted Kevin Southam, ("Southam"), an owner of Defendants, to discuss his disability and return to work status.

20. Plaintiff explained his symptoms in detail to Southam including his extreme lethargy, loss of appetite, and physical pain shooting throughout his body. Southam was dismissive of Plaintiff's pain and said Plaintiff probably "just had depression." Southam suggested Plaintiff seek counseling for his symptoms. Defendants further demanded Plaintiff produce medical documentation for his disability.

21. Depression/ Major Depressive Disorder is a qualifying disability under the ADA and PHRA as it interferes with major life activities such as eating, sleeping, mood regulation, caring for oneself, concentration, and function of the neurological system.

22. While under oath at an unemployment compensation hearing, Southam essentially admitted that during their June 6, 2020 call, he was trying to play doctor and diagnosis Plaintiff. Southam stated Plaintiff could be anemic. Anemia is also a qualifying disability under the ADA and PHRA as it interferes with major life activities such as eating, sleeping, walking, standing, bending, concentrating, thinking, and working.

23. During the June 6, 2020 call, Plaintiff agreed to provide the requested medical documentation of his disability to Defendants.

24. After the called ended, Plaintiff texted Southam to reiterate what was said over the phone call. Included in this text message, Plaintiff said he would schedule an appointment with his doctor, and he planned to return to work on June 15, 2020.

25. Two days after the aforementioned phone call, Plaintiff visited his treating physician on June 8, 2020. The physician recommended Plaintiff remain off work for fourteen (14) days for his disability (Hypothyroidism) and not to return to work until June 21, 2020.

26. The physician issued a recommendation note for Plaintiff to give to Defendants. At the bottom of the recommendation note, the doctor states: "[i]f you have any questions or concerns, please don't hesitate to call."

27. Plaintiff promptly texted this recommendation note to Ford the next morning on June 9, 2020.

28. Ford sent Plaintiff's medical recommendation to Southam on or around June 9, 2020.

29. Neither Ford nor Southam responded to Plaintiff or granted this accommodation to treat for his disability.

30. Instead, two days later, on or around June 11, 2020 Defendants terminated Plaintiff.

31. Defendants again failed to accommodate Plaintiff's request for a brief period of leave to treat for his disability. Instead of engaging in the interactive process or accommodating Plaintiff's documented disability, Defendants terminated Plaintiff two days after he submitted the requested medical documentation.

32. Defendants' proffered reason for terminating Plaintiff was that the medical documentation Plaintiff provided did not state "a medical reason" for Plaintiff to return to work on June 21, 2020, six days after the previously agreed return date of June 15, 2020. Even though the medical note (1) came from a doctor, (2) was signed by a doctor, (3) contained the letterhead of a healthcare system, (4) contained the name, phone number, and address of a local hospital, and (5) the doctor's medical recommendation, Defendants would not accept this medical note.

33. Revealing the pretextual nature of the termination, while under oath at an unemployment hearing, Southam stated that he understood there are legal concerns with asking

for medical information of an employee. In the same utterance, he states Plaintiff was terminated because he violated a Benco policy that demands such medical information.

34. When Southam was asked under oath, why he did not "just call the doctor and ask" for the medical reason, Southam stated, "that is not something we are allowed or willing to do." Contradicting himself Southam followed up and stated "it is our policy to have a medical reason for being off."

35. Despite being given multiple opportunities to present this policy at the unemployment hearing and at the EEOC, Defendants have failed to produce any such policy.

36. Upon information and belief, despite the medical recommendation clearly communicating to Defendants, "if you have any questions or concerns, please don't hesitate to call" Defendants made no effort to call Plaintiff's doctor.

37. Defendants did not contact Plaintiff to further inquire about his medical needs prior to terminating Plaintiff, nor did Defendants provide Plaintiff with additional specific information that it needed to provide the accommodation.

38. Respondent did not sufficiently engage in the interactive process and/or inform Complainant of his rights under the ADA to a reasonable accommodation.

39. Rather than engage in the interactive process or offer a reasonable accommodation, Defendants terminated Plaintiff's employment on June 11, 2020, articulating that Plaintiff failed to "provide a medical reason" to wait until June 21, 2020 to return to work.

40. Upon information and belief, Benco does not have a policy that requires a doctor's note to include a medical reason.

41. Upon information and belief, Benco's proffered nondiscriminatory reason for terminating Plaintiff is pretextual.

42. Plaintiff believed and avers that the proffered reason for his termination was pretextual and that he was terminated based on his actual disability (Hypothyroidism) and/or his perceived disability (depression).

## Count I
## ADA – Disability Discrimination
### (Hypothyroidism)
### Mann v. Defendants

43. Plaintiff hereby incorporates by reference the foregoing paragraphs of his Complaint as though fully set forth herein.

44. The actions of Defendants, through their agents, servants, and employees, in subjecting Plaintiff to discrimination on his terms, conditions, and privileges of employment because of his actual and/or perceived disabilities and/or record of impairment constitute a violation of the ADA.

45. Plaintiff notified his employer of his disability through the June 6, 2020 phone conversation with Southam and by submitting a doctor's note which gave Defendants permission to contact the doctor directly.

46. Despite notice of his disability, Defendants terminated Plaintiff without engaging in the interactive process, which is *per se* discrimination.

47. As a direct result of the aforesaid unlawful and willful discrimination in violation of the ADA, Plaintiff has sustained permanent and irreparable harm.

48. As a further direct result of the aforementioned discrimination in violation of the ADA, Plaintiff suffered severe emotional distress.

## Count II
## PHRA – Disability Discrimination
## (Hypothyroidism)
## Mann v. Defendants

49. Plaintiff hereby incorporates by reference the foregoing paragraphs of his Complaint as though fully set forth herein.

50. The actions of Defendants, through their agents, servants, and employees, in subjecting Plaintiff to discrimination on his terms, conditions, and privileges of employment because of his actual and/or perceived disabilities and/or record of impairments (Hypothyroidism), constitute a violation of the PHRA.

51. Plaintiff notified his employer of his disability through the June 6, 2020 phone conversation with Southam and by submitting a doctor's note which gave Defendant permission to contact the doctor directly.

52. Plaintiff complied with every requirement set by Defendants for his return to work, including seeking medical treatment and providing a medical note.

53. Nevertheless, two days after Plaintiff provided Defendants with the doctors note which requested a six-day leave accommodation for his disability, Defendants terminated the Plaintiff.

54. By acting as aforesaid, Defendants directly and otherwise discriminated against Plaintiff on the basis of his actual disability (Hypothyroidism) and/or perceived disability (Major Depressive Disorder and Anemia).

55. Despite previous notice of his disability, Defendants terminated Plaintiff without engaging in the interactive process, which is per se discrimination.

56. As a direct result of the aforesaid unlawful and willful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff has sustained permanent and irreparable harm.

57. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendants in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### Count III
### ADA –Failure to Accommodate/Failure to Sufficiently Engage in the Interactive Process
### Mann v. Defendants

58. Plaintiff hereby incorporates by reference the foregoing paragraphs of his Complaint as though fully set forth herein.

59. The actions of Defendants, through their agents, servants, and employees, in subjecting Plaintiff to discrimination on his terms, conditions, and privileges of employment because of his actual (Hypothyroidism) and/or perceived (Depression and Anemia) disabilities and/or record of impairments, constitute a violation of the ADA.

60. Defendants were aware of Plaintiff's disability. Despite their knowledge, Defendants failed to reasonably accommodate Plaintiff or engage in the interactive process with him.

61. Instead, Defendants chose to terminate Plaintiff.

62. As a direct result of the aforesaid unlawful and willful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff has sustained permanent and irreparable harm, as well as severe emotional distress.

63. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendants in violation of the ADA, Plaintiff has also sustained a loss of earnings and benefits, plus the loss of future earning power, plus back pay, and interest due thereupon.

## Count IV
### PHRA –Failure to Accommodate/Failure to Sufficiently Engage in the Interactive Process
### Mann v. Defendants

64. Plaintiff hereby incorporates by reference the foregoing paragraphs of his Complaint as though fully set forth herein.

65. The actions of Defendants, through their agents, servants, and employees, in subjecting Plaintiff to discrimination on his terms, conditions, and privileges of employment because of his actual (Hypothyroidism) and/or perceived (Depression and Anemia) disabilities and/or record of impairments, constitute a violation of the ADA.

66. Defendants were aware of Plaintiff's disability. Despite their knowledge, Defendants failed to reasonably accommodate Plaintiff or engage in the interactive process with him.

67. Instead, Defendants chose to terminate Plaintiff.

68. As a direct result of the aforesaid unlawful and willful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff has sustained permanent and irreparable harm, as well as severe emotional distress.

69. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendants in violation of the ADA, Plaintiff

has also sustained a loss of earnings and benefits, plus the loss of future earning power, plus back pay, and interest due thereupon.

**Count V**
**ADA Retaliation**
**Mann v. Defendants**

70. Plaintiff hereby incorporates by reference the foregoing paragraphs of his Complaint as though fully set forth herein.

71. Upon being informed of Plaintiff's disabilities and need for accommodation, Defendants took retaliatory action by terminating Plaintiff.

72. But for Defendants' unlawful actions, Plaintiff would still be working in his former position today.

73. The aforesaid actions of Defendants were willful, wanton, reckless, and/or in bad faith and in reckless disregard of the Plaintiff's rights.

**Count VI**
**PHRA Retaliation**
**Mann v. Defendants**

74. Plaintiff hereby incorporates by reference the foregoing paragraphs of his Complaint as though fully set forth herein.

75. Upon being informed of Plaintiff's disabilities and need for accommodation, Defendants took retaliatory action by disciplining Plaintiff.

76. But for Defendants' unlawful actions, Plaintiff would still be working in his former position today.

77. The aforesaid actions of Defendants were willful, wanton, reckless, and/or in bad faith and in reckless disregard of the Plaintiff's rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor against the Defendants, and order that Defendants:

    a.    reinstate Plaintiff in his former employment position (all Counts);

    b.    compensate Plaintiff with a rate of pay and other benefits and emoluments of employment, to which she would have been entitled, had she not been subjected to unlawful discrimination (all Counts);

    b.    compensate Plaintiff with an award of back pay (all Counts);

    c.    compensate Plaintiff with an award of front pay (all Counts);

    d.    pay Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable (all Counts);

    e.    pay to Plaintiff pre- and post-judgment interests, costs of suit, and attorney fees as allowed by law (all Counts);

    f.    pay Plaintiff for tax consequences related to the award; and

    g.    The Court award other such relief as is deemed just and proper.

## IV. JURY DEMAND

Plaintiff demands a trial by jury.

                                      **HENNESSY LAW**

                                      *s/Brendan D. Hennessy, Esq.*
                                      _____
                                      BRENDAN D. HENNESSY, ESQUIRE
                                      I.D. NO.: 91831
                                      Hennessy Law
                                      101 Lindenwood Drive, Suite 225
                                      Malvern, PA 19355
                                      Phone: 484-875-3111
                                      Fax: 1-484-713-5185
                                      Bhennessy@Hennessylawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORY FREDRICK MANN, | : | CIVIL ACTION NO.: |
| *Plaintiff,* | : | |
| vs. | : | |
| | : | **JURY TRIAL DEMANDED** |
| BENCO TECHNOLOGY, LLC | : | |
| *Defendants.* | : | |

## VERIFICATION

I, Cory Mann, hereby verify that the averments in the attached Complaint are true and correct to my personal information and belief.

*Cory Mann*
ID CQDRpNVw1UNyuHmG9uB6mdKq

_____
Cory Mann